**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DANIEL ALBERTO ALVARADO HUACO, | |
| *Petitioner*, | Civil Action No. 25-19108 |
| v. | **MEMORANDUM OPINION AND ORDER** |
| LUIS SOTO, *et al.* | |
| *Respondents*. | June 9, 2026 |

**THIS MATTER** comes before the Court on the Petition For a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 of Daniel Alberto Alvarado Huaco ("Petitioner"), which challenges his continued immigration detention.  (ECF No. 1.)  Respondents filed an expedited Answer opposing the Petition.  (ECF No. 4.)  Petitioner thereafter filed an Amended Petition and Reply. (ECF Nos. 5, 6.)  The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court concludes that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and is therefore entitled to an individualized bond hearing before an Immigration Judge.

## I.     BACKGROUND

Petitioner is a thirty-four-year-old citizen of Peru who last entered the United States on October 16, 2022.  (ECF No. 5 ¶ 19.)  Shortly thereafter, on October 18, 2022, the Department of Homeland Security ("DHS") issued Petitioner an Order of Supervision and permitted him to reside

in the United States subject to reporting requirements with Immigration and Customs Enforcement ("ICE"). (*Id*. ¶ 20; *see also* ECF No. 1-5.)

Petitioner subsequently relocated to Totowa, New Jersey, where he lived with his partner and his three daughters. (ECF No. 5 ¶ 21.) In September 2023, Petitioner filed an application for asylum and his mother—who is a lawful permanent resident—filed a form I-130 Petition for Alien Relative on his behalf. (*Id*. ¶ 22.) Following the asylum filing, Petitioner received employment authorization from United States Citizenship and Immigration Services. (*Id*. ¶ 23; *see also* ECF No. 1-7.)

On December 15, 2025, Petitioner appeared for a routine ICE check-in. (ECF No. 5 ¶ 24.) During that appointment, ICE officers detained him, and he has remained in custody at the Delaney Hall Detention Center since that time. (*Id*. ¶¶ 24–25.)

Petitioner filed the present habeas petition on December 31, 2025, asserting that his detention without an individualized custody determination violates both the Immigration and Nationality Act ("INA") and the Fifth Amendment. (ECF No. 1.) Respondents argue that Petitioner is detained pursuant to 8 U.S.C. § 1231(a)(5) because DHS reinstated a prior order of removal. (ECF No. 4.)

## II.    LEGAL STANDARD

Federal Courts possess jurisdiction under 28 U.S.C. § 2241 to review challenges to the statutory basis for immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The statutory authority governing immigration detention depends upon the stage of removal proceedings. Detention during pending removal proceedings generally falls under 8 U.S.C. § 1226, while detention following a final order of removal is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526-28 (2021).

2

Where a noncitizen is detained pursuant to § 1226(a), the statute authorizes the government either to detain the individual or release him on bond or conditional parole.  8 U.S.C. § 1226(a). Individuals detained under this provision are entitled to an individualized custody determination before an Immigration Judge assessing flight risk and danger to the community.  *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018).

Conversely, detention under § 1231 occurs only after the "removal period" begins, which generally requires the existence of a final order of removal that the government is actively executing.  *See Guzman Chavez*, 594 U.S. at 528.

III.    **<u>DISCUSSION</u>**

The dispute before the Court concerns the statutory basis for Petitioner's detention. Respondents contend that Petitioner is detained under 8 U.S.C. § 1231(a)(5) following reinstatement of a prior removal order.  (ECF No. 4 at 1–2.)  Petitioner argues that his detention instead arises under 8 U.S.C. § 1226(a).  (ECF Nos. 1, 6.)

The Court agrees with Petitioner.

First, the record reflects that DHS previously released Petitioner pursuant to an order of supervision in October 2022 following his entry into the United States.  (ECF No. 5 ¶ 20; ECF No. 1-5.)  Petitioner thereafter resided in the community for several years while complying with ICE reporting requirements and pursuing immigration relief.  (ECF No. 5 ¶¶ 21–23.)

Second, Petitioner's present detention resulted from his arrest during a routine ICE check-in on December 15, 2025.  (*Id*. ¶ 24.)  The filings before the Court do not demonstrate that the statutory removal period contemplated by § 1231 has begun in a manner that would place Petitioner squarely within that framework.  Instead, the circumstances indicate that Petitioner remains within the broader removal process governed by 8 U.S.C. § 1226.

District courts within this circuit have recognized that where the statutory posture of removal proceedings does not clearly trigger § 1231, detention is properly analyzed under § 1226. *See, e.g., Zumba v. Bondi,* No. 25-CV-14626 (KSH), 2025 WL at *3–4 (D.N.J. Sept. 26, 2025) (explaining that where removal proceedings remain ongoing and no final order of removal has been entered, detention is governed by § 1226(a)); *Rodriguez v. Rokosky*, No. CV 25-17419 (CPO), 2025 WL 3485628 at *2–3 (D.N.J. Dec. 3, 2025) (holding that detention under § 1231 is inapplicable absent a final order of removal and analyzing custody under § 1226).  In such circumstances, the detention authority arises under § 1226(a).

Under Third Circuit precedent, individuals detained pursuant to § 1226(a) must receive an individualized bond determination before an Immigration Judge evaluating whether continued detention is necessary to mitigate flight risk or danger to the community. *See Borbot*, 906 F.3d at 278.

Here, the record reflects that Petitioner has not received such a custody determination. (ECF No. 5 ¶ 25.)  Because the Court concludes that Petitioner's detention arises under § 1226(a), the INA requires that he receive an individualized bond hearing before an Immigration Judge.

### IV.    **ORDER**

Accordingly, for good cause shown,

**IT IS** on this **9th** day of **June 2026**,

**ORDERED** that the Petition for Writ of Habeas Corpus is granted to the extent that Petitioner is entitled to an individualized bond hearing; and it is further

**ORDERED** that, within seven (7) days of the entry of this Memorandum Order, Respondents shall provide Petitioner with an individualized bond hearing before an Immigration

Judge pursuant to 8 U.S.C. § 1226(a), at which the Immigration Judge shall determine whether Petitioner presents a risk of flight or danger to the community; and it is further

**ORDERED** that, within three (3) days after the bond hearing, Respondents shall file a letter with the Court advising of the outcome of that hearing.

**SO ORDERED**.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**